IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, et al.,<br><br>Defendants. | : | CIVIL ACTION NO.<br>1:14-CV-0882-TWT |

**ORDER**

Plaintiff filed her Complaint in this action on March 27, 2014, seeking immediate injunctive relief to prevent a foreclosure sale of her residential property scheduled for April 1, 2014. The Court construes Plaintiff's Complaint also as a Motion for Temporary Restraining Order ("TRO"). So construed, the Court **DENIES** Plaintiff's Motion.

## I. ALLEGATIONS IN THE COMPLAINT

Plaintiff's sole basis for supporting her request for injunctive relief is that Defendant Bayview Loan Servicing, LLC ("Bayview") "is not a Holder in Due Course" and has no authority to proceed with a scheduled foreclosure sale of her property. (Compl. ¶ 1, Doc. 1.) According to Plaintiff, her original lender was Defendant America's Wholesale Lender ("America's Wholesale").[1] (*Id.* ¶ 2.) To

[1] "America's Wholesale Lender" is apparently a "doing business as" (i.e. "trade" or "assumed") name for Countrywide Home Loans, Inc.

secure her home loan, she executed a security deed ("Security Deed") in favor of America's Wholesale. (*See id.*)[2] She then alleges that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") acted as "nominee for the original lender" in transferring the Security Deed to The Bank of New York Mellon (BONY").[3] (*See id.* at 4-6.) She also alleges that MERS then assigned the Security Deed to Defendant Bayview. (*See id.* ¶ 4.) Plaintiff finally asserts that MERS "had no authority" to act on behalf of America's Wholesale or BONY because it did not have a "beneficiary interest in the promissory note." (*Id.* ¶ 2.) Accordingly, Plaintiff alleges that the assignments were invalid and Bayview is not the holder of the Security Deed. On this basis, she seeks to halt an impending foreclosure sale.

## II. DISCUSSION

Plaintiff Complaint fails to assert any allegations warranting the extraordinary relief of a temporary restraining order. Before a court will grant a motion for a TRO, the moving party must establish that: (1) "it has a substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the

---

[2] In September 2013, America's Wholesale along with other defendants removed an action Plaintiff filed in the Superior Court of Fulton County. *Hill v. America's Wholesale Lender, et al.*, No. 1:13-cv-3159-TWT (the "3159 Action"). Attached to her complaint in that case is a copy of the Security Deed she references here. *Id.* (Compl. Ex. C, Doc. 1-1 at 19-32).

[3] The assignment Plaintiff references in her Complaint is also attached to her complaint filed in the 3159 Action. 3159 Action (Compl. Ex. D, Doc. 1-1 at 33-35).

public interest." *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006). "The likelihood of success on the merits is generally considered the most important of the four factors." *Jangsoo Indus. Co. v. Jangsoo Furniture Land, Inc.*, No. 1:10-cv-1225, 2011 U.S. Dist. LEXIS 14219, at *6 (N.D. Ga. Feb. 11, 2011) (Batten, J.) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

Plaintiff's claim, as currently pled, is meritless. Under Georgia law, because Plaintiff was not a party to the assignments, she lacks standing to affirmatively challenge them. *Montgomery v. Bank of America*, 740 S.E.2d 434, 438 (Ga. Ct. App. 2013), *cert denied*, No. S13C1177 (Ga. Sept. 9, 2013); *accord Edward v. BAC Home Loans Servicing, L.P.*, -- F. App'x --, No. 12-15487, 2013 WL 4400102, at *2 (11th Cir. Aug. 16, 2013). And to the extent her arguments rests on the allegation that Bayview, although the holder of the Security Deed, is not the holder of her promissory note and thus has no authority to foreclose, this argument has been firmly rejected by the Georgia Supreme Court. *You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428, 433 (Ga. 2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").

As Plaintiff has no chance of success on her claims as currently pled, Plaintiff's Complaint, construed as a Motion for Temporary Restraining Order, is **DENIED**.

**IT IS SO ORDERED** this 27th day of March, 2014.

____________________________________
**Amy Totenberg**
**United States District Judge**